SANTIAGO *v.* VÁZQUEZ ET AL.

APPEAL from the District Court of Ponce.

No. 372.—Decided April 16, 1909.

NEW TRIAL OF COURT'S MOTION—INHERENT POWER OF A COURT.—Where the inherent power of a court of general jurisdiction has not been restricted by statute, such court may grant a new trial of its own motion, if left in doubt as to the justice of the judgment rendered; and it can do this although an application for a new trial on other grounds may be pending at the time the order is made.

NEW TRIAL—CONTRADICTORY EVIDENCE.—The practice of granting new trials in civil cases, where the evidence is contradictory or insufficient in the opinion of the trial judge, should be encouraged and commended, as it clearly tends to the furtherance of justice, and saves the time and expense of appeals.

ID.—DISCRETION OF THE TRIAL COURT—ABUSE OF DISCRETION.—The discretion of the trial court in granting a new trial will seldom be overruled on appeal unless in a clear case of abuse of such discretion.

The facts are stated in the opinion.

*Mr. Manuel A. Rivera* for appellant.

The respondent did not appear.

MR. JUSTICE MACLEARY delivered the opinion of the court.

This is an action for the recovery of money, based on a promissory note for $985 alleged to have been made by Daniel Vázquez, the brother of one of the defendants and the uncle of the other. It is alleged that Daniel Vázquez is dead and that María Inocencia Vázquez and Bernardino Vázquez are his heirs. Only one of the defendants, the first named, answered; the other made default. But the default was never noted, and the trial proceeded, and judgment was rendered on the law and the facts in favor of the plaintiff and against both defendants.

The defendant María I. Vázquez made a motion for a new trial, under section 221 of the Code of Civil Procedure, based on three grounds, to wit: First, Irregularity in the proceedings; second, Newly-discovered evidence; third, Insufficiency of proof.

After hearing the motion the district judge, on November 28 last, granted it, not on account of any irregularities in the proceedings on the part of the court or the parties, but because it appeared to be possible that the weight given to the evidence by the court may have been erroneous; and that the newly-discovered evidence when compared with that given on the trial had brought to the mind of the court a suspicion that an error had been committed in rendering judgment in favor of the plaintiff.

From this order an appeal was taken to this Supreme Court and the case is before us for decision.

It is unnecessary to consider all the points made by the respondent in her motion for a new trial nor the manner in which they are met and controverted by the counsel for appellant in the able brief filed in her behalf.

The district judge has considered all these and granted a new trial because he was left in doubt as to the justice of the judgment rendered. Under such circumstances he could have granted a new trial of his own motion even had it not been sought by the party cast in the suit. Where the inherent power of a court of general jurisdiction has not been restricted by statute such court may grant a new trial of its own motion; and it can do this although an application for a new trial on other grounds is pending at the time the order is made. No restriction appears in our statutes. (29 Cyc., p. 291.)

The trial court has, while the case remains within its jurisdiction, a wide discretion in this respect. And this is the case in the States where civil cases are tried before juries; so much the more is it within the power of the court to grant new trials here, where all civil cases are tried by the court without the intervention of a jury.

The practice of granting new trials in civil cases, where the evidence is contradictory or insufficient in the opinion of the trial judge, should be encouraged and commended as it clearly tends to the furtherance of justice; and saves the time and expense of appeals.

The discretion of the trial court in granting a new trial will seldom be overruled on appeal unless in a clear case of abuse of such discretion; and nothing of the sort is shown in this case.

For this reason the order of court in granting the new trial should be affirmed.

*Affirmed.*

Acting Chief Justice Hernández and Justice Wolf concurred.

Mr. Justice Figueras took no part in the decision of this case.